ISSUED JAN 22 2001

ORIGINAL

FILED 01 JAN 22 PM 3:35 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FITNESS QUEST INC., | Civil Action No.: 5:01 CV 192 |
| Plaintiff, | Judge: JUDGE GWIN |
| v. | |
| THANE INTERNATIONAL, INC., | COMPLAINT AND JURY DEMAND |
| Defendant. | MAG. JUDGE GALLAS |

**NATURE OF THE ACTION**

1. This is an action for damages and injunctive relief to remedy the willful infringement by Defendant Thane International, Inc. ("Thane") of a patent exclusively licensed to Plaintiff Fitness Quest Inc. ("Fitness Quest"). The patent covers an invention associated with exercise equipment.

**THE PARTIES**

2. Fitness Quest is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1400 Raff Road, S.W., Canton, Ohio 44750.

L:\SMA\DATA\FQI70036\COMPLNT.

3.  On information and belief, Thane is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 78-140 Calle Tampico #201, La Quinta, California 92253.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement, 35 U.S.C. § 271, arising under the patent laws of the United States. The jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

5.  This Court has personal jurisdiction over Thane because, on information and belief, Thane does business in this judicial district and because the claim asserted herein arose in this judicial district.

## CAUSE OF ACTION

6.  Over a period of years, Fitness Quest has become a leader in the home fitness industry. Fitness Quest manufactures and distributes exercise devices and other consumer products.

7.  On information and belief, Thane markets and sells a variety of goods, including fitness equipment, in Ohio and throughout the world.

8.  On November 14, 2000, United States Patent No. 6,146,317 ("the '317 patent") titled "Exercising Device" was duly and legally issued.

9.  Fitness Quest is the exclusive licensee under the '317 patent, having the right to enforce this patent and recover for infringement thereof. A copy of the '317 patent is attached hereto as Exhibit A.

10. Fitness Quest recently commenced marketing a product under the '317

patent, namely the AbFit abdominal exerciser.

11. On information and belief, Thane has been and is now infringing at least claim 1 of the '317 patent by making, using, importing, offering to sell and/or selling within this judicial district and elsewhere in the United States, without license or authority from Fitness Quest, certain exercise devices, including at least an exercise device sold under the following designation: AB-DOer.

12. On information and belief, the AB-DOer and AbFit products compete with one another.

13. On information and belief, Thane's infringement of the '317 patent has been willful and deliberate, and Thane will continue its infringing activities unless restrained by this Court.

14. On information and belief, Thane has profited and will continue to profit from its infringing activities.

15. Fitness Quest has been damaged and will be irreparably injured unless these infringing activities are enjoined.

WHEREFORE, Plaintiff prays:

A. That this Court adjudge that Fitness Quest is the exclusive licensee under the '317 patent with the right to enforce this patent and recover for infringement thereof;

B. That this Court adjudge that the '317 patent is good and valid in law and that Defendant Thane has infringed this patent;

C. That a preliminary and permanent injunction be issued enjoining Thane and those in privity with Thane from further infringement, contributory infringement and

actively inducing infringement of the '317 patent;

D. That an accounting be had for the damages to Fitness Quest arising out of Thane's infringing activities together with interest and costs, and that such damages be awarded to Fitness Quest;

E. That Thane's infringement be adjudged willful and that the damages to Fitness Quest be increased to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

F. That this be adjudged an exceptional case and that Fitness Quest be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

G. That Fitness Quest be awarded such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

DATED: January 22, 2001

Steven M. Auvil (OH Bar No. 0063827)
Erik J. Overberger (OH Bar No. 0071862)
FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518
Telephone: (216) 861-5582
Facsimile: (216) 241-1666
E-mail: sauvil@faysharpe.com
E-mail: eoverberger@faysharpe.com

Attorneys for Plaintiff
FITNESS QUEST INC.

OF COUNSEL:

Christopher B. Fagan (OH Bar No. 0026074)
FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518
Telephone: (216) 861-5582
Facsimile: (216) 241-1666
E-mail: cfagan@faysharpe.com

## DEMAND FOR JURY TRIAL

Plaintiff Fitness Quest Inc. hereby demands trial by jury of all issues so triable in this action.

_____
One of the Attorneys for Plaintiff